**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENCHENG LIU, | No. 10-73072 |
| Petitioner, | Agency No. A099-718-978 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013**

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Wencheng Liu, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") decision affirming the immigration

judge's denial of his application for asylum, withholding of removal, and relief

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument, *see* Fed. R. App. P. 34(a)(2), so we deny his request for oral
argument.

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Liu does not contend that he suffered past persecution. Substantial evidence supports the BIA's determination that Liu failed to establish a well-founded fear of future persecution because he did not show that the Chinese government is aware of his activities or is seeking him, or that he would continue to participate in political activities if he returns to China. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). We do not address Liu's unexhausted contention that he will be persecuted based on his group membership. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Because Liu failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the BIA's denial of CAT relief because Liu failed to establish that it is more likely than not he will be tortured by or with the acquiescence of a public official or a person acting in an official capacity. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003). We do not

2

consider the evidence submitted by Liu that is not contained in the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED**.